UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSA BEITIA,

                    Plaintiff,

          -against-

SOUTH SHORE MITSUBISHI, LEASE
WITH EASE AUTO,

                    Defendant.

24-CV-7635 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Elmhurst, Queens County, New York, brings this *pro se* action

under the court's diversity of citizenship jurisdiction, alleging that Defendant violated her rights

in Nassau County, New York. Plaintiff sues "South Shore Mitsubishi, Lease with Ease Auto."

Although Plaintiff appears to allege Defendant is a single entity, she states that South Shore

Mitsubishi is located in Freeport, Nassau County, New York, and Lease with Ease Auto is

located in Astoria, Queens County, New York. For the following reasons, the Court transfers this

action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New

York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to her claims took pace in Nassau County. (ECF 1, at 1.) She alleges that South Shore Mitsubishi and Lease with Ease Auto are located in Nassau County and Queens County, respectively. Nassau County and Queens County are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because she does not allege that any defendants reside in this District or that the events giving rise to her claims occurred in this District, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Nassau County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 15, 2024
              New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] The Court notes that Plaintiff did not sign her application to proceed *in forma pauperis*. (ECF 2.)